RUBIO, PETITIONER AND APPELLANT, *v.* RODRÍGUEZ, MUNICIPAL JUDGE, RESPONDENT AND APPELLEE.

APPEAL from the District Court of Arecibo in Certiorari.

No. 1635.—Decided April 26, 1917.

CERTIORARI—UNLAWFUL DETAINER—SUMMONS—PRACTICAL PURPOSE.—No special reason exists for, and no practical purpose is served by, granting a writ of certiorari for the review of a decision in an action of unlawful detainer holding that the summons served on a defendant is void and ordering that a new summons issue; for the continuance of the action depends upon the plaintiff himself, who, in any event, would have to cause a new summons to be issued so that a new hearing might be set within the following ten days, and because the service of a new summons is not prejudicial in any way to the plaintiff, inasmuch as the defendant would have to be summoned anew to appear on the date set even if the decision were reversed.

ID.—ID.—ID.—DISCRETION OF COURT.—Unless otherwise provided by statute, a writ of certiorari to correct the proceedings of a lower court is not a writ of right, but should be issued only when a special reason therefor is shown to the court, which is vested with discretion to grant or refuse the same according to the requirements of justice in each case.

ID.—UNLAWFUL DETAINER—SUMMONS.—A petition for a writ of certiorari to review a decision in an action of unlawful detainer, holding that the summoning of the defendant was void and directing that a new summons issue, is defective when it fails to allege that when the summons was served on the defendant he was warned that unless he appeared personally, or through a legal representative, a judgment of unlawful detainer would be taken without further summons or hearing, as provided by section 5 of the Act of March 9, 1905.

The facts are stated in the opinion.

*Mr. Luis Mercader* for the petitioner.

The appellee did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal by Ernesto Rubio López from a ruling of the District Court of Arecibo of February 27, 1917, denying a petition by Rubio López for a writ of certiorari to review the proceedings of the Municipal Court of Camuy in an action of unlawful detainer brought by the petitioner against Manuel Pérez and set aside an order of the said municipal court of February 14 last, quashing the summons served on the defendant and directing that he be summoned anew to give the court jurisdiction over him.

As grounds for the petition for the writ of certiorari it is alleged that on February 6 Ernesto Rubio López brought an action of unlawful detainer in the Municipal Court of Camuy against Manuel Pérez, a resident of Quebradillas, and that the summons against the defendant was made out in the regular way, commanding the parties to the action to make their first appearance on February 14 at 2 p. m.; that on February 9 the summons was served on the defendant personally in Quebradillas by Francisco Maymone, who was of age and not a party to the action, by leaving in the possession of the said defendant a copy of the summons and indorsing thereon the date of its receipt and service, besides signing the return on said copy; that the original summons was duly returned by Maymone, pursuant to section 92 of the Code of Civil Procedure, as amended by Act No. 8 of 1915, to the Municipal Court of Camuy before the hour set for the appearance of the parties, and the Municipal Court of Camuy acquired jurisdiction over the person of the defendant; that the attorney for defendant Manuel Pérez appeared for the sole purpose of moving the court to quash the summons on the ground that it did not conform to the requirements prescribed by the statute, and that the court held that the summons had not been served according to law and ordered the plaintiff to summon the defendant anew so that the court might acquire jurisdiction.

Petitioner Ernesto Rubio López claims that the Municipal Court of Camuy committed a grave error of procedure in quashing the summons made according to law, thus erroneously

suspending the prosecution of the action of unlawful detainer contrary to justice, for which reason, having no other adequate remedy, he resorts to a petition for a writ of certiorari.

The District Court of Arecibo bases its ruling refusing to issue the writ of certiorari on the ground, among others, that it would serve no practical purpose.

We agree with the holding of the District Court of Arecibo, for, as it says, the continuation of the proceeding depends upon the plaintiff himself, who in any event would have to apply for a new summons in order that a new hearing might be set within the following ten days, this being a right of which the defendant can never be deprived.

But this is not all, for, "except when so provided by statute, the writ of certiorari when invoked to correct the proceedings of an inferior tribunal is not a writ of right, but should be issued only when a special reason therefor is shown to the court, and the court is vested with judicial discretion to grant or refuse the writ as justice may require in each case." *Espada* v. *Sepúlveda, District Judge,* 20 P. R. R. 125, and cases there cited.

We fail to see any special reason why the granting of a writ of certiorari is necessary in the interest of justice. The issuing of a new summons would not prejudice the appellant in any way, for even if the order of the Municipal Court of Camuy be set aside, the defendant would still have to be summoned to appear at the new hearing set. The application for a writ of certiorari has caused more delay in the proceeding than the order of the Municipal Court of Camuy which the petitioner complains of.

Finally, it is not alleged in the petition that the defendant was warned in the summons when it was served that in case of his failure to appear, either in person or by a lawful agent, judgment of unlawful detainer would be taken against him without further summons or hearing, as required by section 5 of the Act of Unlawful Detainer of March 9, 1905, and, therefore, it does not appear that the summons conforms to all the

formalities required by the statute, as claimed by the appellant.

The order appealed from must be .

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.